DETERMINED IN THE

# FIRST DEPARTMENT

AT

## GENERAL TERM,

### March, 1881.

---

THOMAS J. POPE AND JAMES E. POPE, RESPONDENTS, *v.*
THE TERRE HAUTE CAR AND MANUFACTURING
COMPANY, A COMPANY INCORPORATED AND ORGANIZED UNDER
THE LAWS OF THE STATE OF INDIANA, APPELLANT.

*Service of summons upon the president of a foreign corporation, in this State—*
*Code of Civil Procedure, § 1780.*

In this action brought by the plaintiff against the defendant, a foreign corpora-
tion, to recover for goods sold and delivered to it, the summons was served
upon the defendant's president in the city of New York, while he was passing
through the State, with his family, on his way to a watering place in another
State.

*Held,* that this was a good service of the summons, under section 1780 of the
Code of Civil Procedure, although the president was not in the State upon any
business of the corporation or in any official capacity.

APPEAL from an order of the Special Term, denying a motion to
set aside the service of the summons in this action.

*Alexander B. Crane* and *Stephen O. Lockwood,* for the defend-
ant, appellant, for the purposes of the motion.

*Niles & Bagley,* for the respondents.

DAVIS, P. J.:

It is not controverted that the plaintiffs have a cause of action against the defendant, arising upon the sale and delivery of property made by their brokers, nor that the plaintiffs are residents of this State and the defendant a foreign corporation.

Section 1780 of the present Code provides that an action against a foreign corporation may be maintained by a resident of this State for any cause of action. The provision, in this respect, is the same as that of section 427 of the former Code. Section 432 of the present Code, amongst other modes, provides that personal service of the summons upon a foreign corporation may be made by delivering a copy within the State, to the president of such corporation. In this case the summons was served by delivering a copy to the president of the defendant, in the city of New York. It appears that the president was not in the State upon any business of the corporation, or in any official capacity, but was passing through the State, with his family on his way to a watering place in another State. The fact that he was the president of the corporation is conceded, as well as the actual personal service of the summons. The service is good under the Code, although his presence here had no relation whatever to the corporation or to his official duties. Under the provisions of the present Code such a service upon the president of a foreign corporation is a commencement of the action, irrespective of the question whether or not the corporation has property within the State, or whether the cause of action arose therein. Those questions are important under the third subdivision of section 432 only when no designation of a person for service has been made by the corporation, and the service is made upon the cashier, a director, or the managing agent of the corporation.

It is not important to inquire what will be the effect of a judgment recovered upon the service of a summons in the form in which the service in this case was made, as that question does not arise at this stage of the proceedings. It may be that property will be found and attached in this State, or that sufficient property of the corporation will be found and levied upon to satisfy the execution. It is not necessary therefore to anticipate those questions, because under the provisions of the present Code, the service and

the manner in which it was made in this case were sufficient to commence the suit.

The contract in this case was made with the defendant by Millard & Combs, who were brokers at St. Louis. The proposition of sale submitted by them in their letter of January 31, 1880, bears sufficient evidence on its face that they were not acting as principals but on behalf of other parties, and the final sale note or memorandum executed by them disclosed their principals. The acceptance of this sale note by the defendant completed the contract between it and the plaintiffs.

The iron was in process of importation and was sold for cash to be delivered in bond, at New Orleans. No place of payment is otherwise specified, and as the delivery was made without payment, it is to be presumed that cash was to be paid within some time established by the usage on such sales. At all events, not having been paid or tendered on delivery, it was payable to the plaintiffs at their place of business which was in the city of New York.

We do not deem it important, in determining this appeal, whether the contract was to be regarded as one made in this State, nor whether it should be held that the defendant's president came into this State for the transaction of business in making such contract. There was enough, we think, to give a right of action under the laws of this State against a foreign corporation to a resident of this State, in the facts as they appear in the papers before us; and that action has been commenced in the form prescribed by the Code. Those facts, under the present Code, dispose of the motion.

The order must therefore be affirmed, with ten dollars costs and the disbursements of the appeal.

BRADY, J., concurred.

Present — DAVIS, P. J., and BRADY, J.

Order affirmed, with ten dollars costs and disbursements.